IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| HAXANS WALDELL PALMER,         )<br>    ID # 18051523,                           )<br>        Petitioner,                              )<br>vs.                                                     )<br>                                        )<br>LELA LAWRENCE MAYS,                )<br>        Respondent.                              ) | No. 3:20-CV-133-K (BH)<br><br>Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court is the petitioner's amended *Application for Writ of Mandamus*, received on April 30, 2020 (doc. 6). Based on the relevant filings and applicable law, the amended petition for writ of mandamus should be **DISMISSED** for lack of jurisdiction.

## I.     BACKGROUND

Haxans Waldell Palmer (Petitioner), an inmate currently incarcerated in the Dallas County Jail, filed a *pro se* petition for writ of mandamus that was received on January 16, 2020. (*See* doc. 3.) He filed an amended petition for writ of mandamus that was received on April 30, 2020. (*See* doc. 6.) The respondent is Texas state District Judge Lela Lawrence Mays of the 283rd District Court of Dallas County. (*See id.*)

On October 4, 2019, Petitioner was convicted by a jury in the 283rd Judicial District in Dallas, Texas, of compelling prostitution of a child and trafficking of a person less than 18 for prostitution in Cause Nos. F-1858280 and F-1858281, respectively. *See* https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts (last visited Aug. 31, 2020). By judgments dated October 4, 2019, Petitioner was sentenced to seven years'

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for findings, conclusions, and recommendation.

imprisonment in each case, to be served concurrently. *See id.* He filed a notice of appeal with the trial court in Cause No. F1858280 on December 3, 2019, and the appeal was dismissed for lack of jurisdiction by the Fifth District Court of Appeals on March 11, 2020. *See Palmer v. State*, No. 05-20-00026-CR, 2020 WL 1164063 (Tex. App.—Dallas Mar. 11, 2020, no pet.)  Petitioner did not file an appeal in Cause No. F-1858281 or a petition for discretionary review (PDR) in the Court of Criminal Appeals in either case. *See* http://www.search.txcourts.gov (last visited Aug. 31, 2020).

Petitioner appears to seek an order to compelling the state district judge to conduct a hearing on whether the state court had subject matter and personal jurisdiction over him in his criminal cases, Cause Nos. F-1858280 and F-1858281. (*See* doc. 6 at 1-2, 15.)[2]

## II.   MANDAMUS

"The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty." *Heckler v. Ringer*, 466 U.S. 602, 616 (1984). Section 1361 provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361.  Federal courts lack "the general power to issue writs of mandamus to direct state courts and their judicial officers in the performance of their duties where mandamus is the only relief sought." *Moye v. Clerk, Dekalb Cnty. Sup. Ct.*, 474 F.2d 1275, 1276 (5th Cir. 1973).  This Court is therefore without power to order the state court to conduct a hearing on whether subject matter and personal jurisdiction exist, and the petition is

---

[2] By order dated March 25, 2020 (doc. 4), the Court found that the Prison Litigation Reform Act (PLRA) did not apply to this case because the underlying action was criminal in nature.

subject to dismissal. *See Santee v. Quinlan*, 115 F.3d 355, 357 (5th Cir. 1997) (affirming dismissal of petition for writ of mandamus because federal courts lack the power to mandamus state courts in the performance of their duties); *see also Davis v. Pitre*, No. 3:20-CV-1330-N-BN, 2020 WL 4341123, at *1 (N.D. Tex. May 26, 2020) (dismissing petition for writ of mandamus to compel state court officials to provide criminal record for lack of jurisdiction), *rec. adopted,* 2020 WL 4339490 (July 27, 2020); *Peters v. Davis*, No. H-18-3204, 2019 WL 127076, at *2 (S.D. Tex. Jan. 7, 2019) (same).[3]

### III.   RECOMMENDATION

The petitioner's amended *Application for Writ of Mandamus* should be **DISMISSED** for lack of jurisdiction.

**SIGNED this 8th day of September, 2020.**

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

.

---

[3] To the extent that Petitioner's request to have his "biological property returned to him" could be construed as challenging the lawfulness of his detention, the petition is not construed as seeking habeas relief because Petitioner separately filed a habeas case challenging his state convictions and sentences under 28 U.S.C. § 2241 and § 2254 that was received on January 22, 2020, six days after his mandamus petition was received. *See Palmer v. Brown*, No. 3:19-CV-2994-E (BH), 2020 WL 2309652 (N.D. Tex. Apr. 22, 2020), *rec. adopted*, 2020 WL 2308824 (N.D. Tex. May 7, 2020).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE